United States Court of Appeals,

Eleventh Circuit.

Nos. 96-6489, 96-6490.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert MIXON, a.k.a. Bobby, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jimmie GRAY, a.k.a. Omar Wright, Defendant-Appellant.

June 20, 1997.

Appeals from the United States District Court for the Southern District of Alabama. (Nos. 1:89-CR-00013-001, 92-0095-1), Alex T. Howard, Judge.

Before BIRCH, Circuit Judge, and RONEY and FARRIS[*], Senior Circuit Judges.

RONEY, Senior Circuit Judge:

These are section 2255 habeas corpus cases in which the two defendants' motions successfully challenged their firearm convictions and sentences under 18 U.S.C. § 924(c) on the ground the weapons were not actively employed during the crimes, pursuant to *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). After vacating the firearm sentences, however, the district court *sua sponte* enhanced by two levels appellants' other drug sentences to reflect possession of firearms during a drug crime. U.S.S.G. § 2D1.1(b)(1). Appellants argue that the district court lacked jurisdiction to enhance the sentences on the remaining counts because those sentences had not been challenged. They assert the enhanced sentences violate both the Double Jeopardy and Due Process Clauses of the United States Constitution. We affirm.

Both Robert Mixon and Jimmy Gray were convicted of drug related and firearm offenses. Their convictions and sentences were affirmed on direct appeal. *United States v. Wright,* No. 92-6903, 17 F.3d 1438 (11th Cir.1994); *United States v. Cunningham,* No. 89-7559, 914 F.2d 268 (11th

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Cir. Aug. 23, 1990).

Mixon was found guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; eight counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and two counts of use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was sentenced to 121 months on the drug counts and a consecutive 120 months on the firearm counts, for a total of 241 months imprisonment.

Gray pled guilty to conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. § 846, and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Gray was sentenced to 63 months on the drug count and a consecutive 60 months on the firearm count, for a total of 123 months imprisonment.

Following the United States Supreme Court's decision in *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), both appellants filed post-conviction motions to have their firearm convictions set aside. The district court vacated the firearm sentences but also enhanced by two levels appellants' drug sentences to reflect possession of firearms during a drug crime. U.S.S.G. § 2D1.1(b)(1). Accordingly, Mixon's sentence on the drug counts was corrected to 151 months, his overall sentence thus being reduced by 90 months. Gray's sentence on the drug count was corrected to 78 months, his overall sentence being reduced by 45 months.

This case squarely presents the question whether, when prisoners bring successful collateral challenges to section 924(c) convictions under *Bailey,* the district court may resentence them on related but unchallenged drug count convictions and enhance those sentences for possession of firearms. This is a question of first impression in this Circuit.

There is no dispute that the court was required to vacate appellants' section 924(c) convictions and sentences. The facts proved at trial did not support convictions under this section after the United States Supreme Court redefined the term "use" of a firearm. After *Bailey* to prove "use," the Government must show that the "weapon was actively employed." --- U.S. at ----, 116 S.Ct. at 506.

At the time of sentencing, the court could not have imposed both the mandatory consecutive

sentence for the section 924(c) violation and an increased drug sentence for firearm possession under section 2D1.1(b)(1). U.S.S.G. § 2K.4 commentary (n.2) (prohibits the imposition of both in the same sentence). It appears from the record, however, that but for the convictions and mandatory sentences under section 924(c), appellants would have received the two-level enhancement to their base offense level for possession of firearms required by U.S.S.G. § 2D1.1(b)(1). The district court correctly noted that:

> The relationship between § 924(c) and § 2D1.1(b)(1) is an "either/or" relationship at sentencing. If a defendant is convicted of "using or carrying" a firearm in furtherance of a drug crime, he must receive a five year consecutive sentence, but he cannot also have his base offense level enhanced pursuant to § 2D1.1(b)(1) because such enhancement would violate the Double Jeopardy Clause of the United States Constitution. However, a defendant who is not convicted of [a] violation of § 924(c), may receive an enhancement of his base offense level for possession of a firearm in connection with a drug offense.

*Mixon,* 926 F.Supp. at 180.

This Circuit has never decided, either on a direct appeal or a habeas corpus motion, what should be done about enhancing a sentence on a drug count under U.S.S.G. § 2D1.1(b)(1) in a situation where the section 924(c) sentence, which foreclosed enhancement has to be vacated or reversed. In *United States v. King,* 73 F.3d 1564, 1568 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 220, 136 L.Ed.2d 153 (1996), we merely reversed the conviction under the section 924(c) count in the indictment and vacated the sentence imposed pursuant to that count.

Other circuits, not in collateral attack cases but on direct appeal, have remanded such cases to the district court to determine whether the drug sentence should be enhanced under U.S.S.G. § 2D1.1(b)(1), thus deciding the district court had jurisdiction to do so. *United States v. Thomas,* 93 F.3d 479, 488 (8th Cir.1996); *United States v. Clements,* 86 F.3d 599, 600-01 (6th Cir.1996); *United States v. Bermudez,* 82 F.3d 548, 550 (2d Cir.1996); *United States v. Lang,* 81 F.3d 955, 963-64 (10th Cir.1996).

At the time this case was orally argued, no other circuit had addressed the issue of resentencing on the drug count when a prisoner had successfully challenged a section 924(c) conviction on a section 2255 habeas corpus petition as opposed to a direct appeal.

Since that time, the Third, Fourth, Seventh and Ninth Circuits have decided in favor of

resentencing, relying either upon statutory authority or the sentencing package doctrine. In *United States v. Handa,* 110 F.3d 42 (9th Cir.1997), the Ninth Circuit exercised the authority conferred upon appellate courts under 28 U.S.C. § 2106 to modify or vacate any lawful judgment and to remand for appropriate proceedings. The court vacated appellant's entire sentence and remanded for resentencing, instructing the district court to consider an enhanced sentence on appellant's drug conviction.

The Fourth Circuit in *United States v. Hillary,* 106 F.3d 1170 (4th Cir.1997), relied on a somewhat technical application of the requirement in section 2255 that a prisoner be in custody on a sentence. The court determined that the "sentence" that conferred section 2255 jurisdiction was the drug sentence for which defendant was currently in custody and that sentence therefore was also subject to the district court's broad and flexible remedial power under section 2255. *Hillary,* 106 F.3d at 1172.

The Seventh Circuit in three recent cases extended to collateral attacks the "sentencing package" concept it has applied on direct appeals:

> If a multicount sentence is a package—and we think it is—then severing part of the total sentence usually will unbundle it. And we do not think it matters what means are used to bring resentencing proceedings before the district court. Under the sentencing package concept, when a defendant raises a sentencing issue he attacks the bottom line. That Smith's case came before the district court pursuant to a 2255 petition, rather than a remand from us or by some other means, does not change that fact.

*United States v. Smith,* 103 F.3d 531, 534 (7th Cir.1996), *cert. denied,* --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ---- (May 27, 1997). *Accord, Woodhouse v. United States,* 109 F.3d 347 (7th Cir.1997); *United States v. Binford,* 108 F.3d 723 (7th Cir.1997).

The court in *Smith* observed that in most cases where there is a mandatory consecutive five-year sentence, vacating that portion of the sentence radically alters the sentencing package. "If a mandatory sentence for using or carrying a gun is imposed, the otherwise available enhancement for possession of a firearm is not invoked. But if the mandatory sentence is set aside, nothing should prevent the imposition of the enhancement. In that sense, the idea of the "sentencing package' remains a perfectly viable concept." *Smith,* 103 F.3d at 534-35.

In *United States v. Davis,* 112 F.3d 118 (3d Cir.1997), the most recent appellate opinion to

address this question, the Third Circuit held that the district court had jurisdiction to recalculate appellant's entire sentence based on both the broad, flexible power conferred by section 2255 and the interdependence of the multiple counts for sentencing purposes. The court also noted that its holding is supported by the policy argument that gave rise to the sentencing package doctrine usually applied on direct appeal. *Davis,* 112 F.3d at 121-22 (3d Cir.1997).

The court observed that the guidelines contemplate the interdependence of a section 924(c) conviction and the underlying offense:

> Clearly, the 924(c) offense and the underlying offense are interdependent and result in an aggregate sentence, not sentences which may be treated discretely. If the district court were to vacate the term associated with the 924(c) count and not resentence on the remaining counts, Davis would not receive the two level enhancement required for the remaining counts under the Sentencing Guidelines and his sentence would not be in conformity with the law.

*Davis,* 112 F.3d at 121-22.

We hold, as did the court in *Davis,* that based on the language of section 2255 and the interdependence of the multiple counts for sentencing purposes, the district court acted properly in adjusting appellants' sentences on the unchallenged but related drug counts.

With regard to appellants' constitutional claims, we hold that resentencing neither violates the Double Jeopardy Clause nor defeats appellants' expectations of finality. *Smith,* 103 F.3d at 535 ("[U]ntil action is taken in regard to the whole sentence, Smith did not have an expectation of finality with regard to his sentence.... A court may increase a sentence on an unchallenged count without violating the Double Jeopardy Clause so long as the new sentence is lawful."); *United States v. Davis,* 112 F.3d at 123-24 (3rd Cir.1997) (same).

Because Mixon's overall prison term was reduced by 93 months and Gray's by 45 months, their double jeopardy arguments are foreclosed. While it is clear the Due Process Clause would be implicated if the district court had imposed harsher sentences, that is not the case here where the district court substantially reduced both appellants' sentences.

Once the appellants' section 924(c) convictions were vacated, any double jeopardy bar applying to section 2D1.1(b)(1) was removed, and the district court appropriately corrected the appellants' sentences to reflect the section 2D1.1(b)(1) enhancement consistent with the court's

original sentencing plan.

AFFIRMED.