**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT L. HAGER,

Defendant-Appellant.

No. 97-6049
(D.C. No. 91-CR-50)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Robert L. Hager appeals the resentencing order of the district court. Specifically, Hager argues the court did not have jurisdiction to resentence him in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a 28 U.S.C. § 2255 proceeding and that resentencing violated his due process rights and resulted in double jeopardy. We affirm.

On July 9, 1991, Hager was convicted of (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g); and (3) using or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was sentenced to 165 months' imprisonment on Count 1 and 120 months' imprisonment on Count 2, to be served concurrently.[1] In addition, Hager was sentenced to 60 months' imprisonment on Count 3, to be served consecutively with his concurrent sentences. His convictions were affirmed in United States v. Hager, 969 F.2d 883 (10th Cir. 1992).

On July 22, 1996, Hager filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court vacated his sentence for using or carrying a firearm in relation to a drug trafficking crime based on Bailey v. United States, 116 S. Ct. 501 (1995), and resentenced him on Counts 1 and 2. In resentencing Hager to 188 months' imprisonment, the court enhanced his base

---

[1] Although Hager possessed a firearm in connection with his drug trafficking offense, he did not receive a two-level enhancement in his base offense level when he was originally sentenced on Counts 1 and 2 because he was also convicted in Count 3 of using or carrying a firearm during and in relation to a drug trafficking offense. The guidelines specifically instruct the district court *not* to apply an enhancement in this situation because it would result in "double counting." See U.S.S.G. § 2K2.4 comment (n.2).

offense level because he possessed a firearm during the offenses.  See U.S.S.G. § 2D1.1(b)(1).

This court recently held that a district court has jurisdiction in a 28 U.S.C. § 2255 proceeding to resentence a defendant on related remaining convictions after vacation of a conviction.  See United States v. Mendoza, 118 F.3d 707, 708 (10th Cir. 1997).[2]  In Mendoza, this court also rejected the argument that resentencing a defendant in a § 2255 proceeding to a greater sentence violates due process or results in double jeopardy.  Id. at 710 (double jeopardy and due process not violated when defendant originally sentenced to 87 months and, after vacation of § 924(c) conviction, resentenced to 108 months).  Such a defendant "does not have a legitimate expectation of finality in a related, but unchallenged sentence." Id.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Mendoza is in accord with the majority of the other circuits that have addressed the issue.  See 118 F.3d at 709.  See also United States v. Gordils, 117 F.3d 99, 102-04 (2d Cir. 1997); United States v. Mixon, 115 F.3d 900, 903 (11th Cir. 1997).