134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy C. BLOUNT, Defendant-Appellant.
 No. 97-2445.
 United States Court of Appeals, Seventh Circuit.
 Jan. 7, 1998.
 AMENDED ORDER[1]
 
 1
 Defendant Blount accompanied co-defendant Flowers in a drug transaction with an undercover officer. Blount remained in Flowers's car while Flowers entered the agent's undercover vehicle nearby. Flowers indicated to the agent that Blount remned in the other vehicle as "protection." A subsequent search of Flowers's vehicle resulted in the seizure of a fully loaded Ruger semi-automatic pistol from beneath the front passenger seat where the defendant had been sitting.
 
 
 2
 On December 10, 1991, a jury convicted Randy Blount on several counts including using and carding a firearm during and in relation to drag trafficking crimes in isolation of 18 U.S.C. § 924(c)(1) ("Count 5"). On February 14, 1992, the district judge sentenced Blount to a total of 270 months imprisonment. That sentence included a consecutive term of 60 months for Count 5. We affirmed the defendant's judgment of conviction and sentence.[2] United States v. Blount, 974 F.2d 1340 (7th Cir.1992).
 
 
 3
 On July 29, 1995 following the Supreme. Court's decision in Bailey v. United States, 116 S.Ct. 501, 506 (1995) ("We conclude that the language, context and history of § 924(c)(1) indicate that the Government must show active employment of the firearm."), Blount filed a Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. On November 22, 1996, the District Court granted the motion in part, and vacated Blount's conviction and sentence on Count 5. The court granted the defendant a new trial as to Count 5.
 
 
 4
 On February 20, 1997, the Government moved to dismiss Count 5 and requested that Blount be resentenced on the remaining counts, with a two level enhancement for possession of a firearm. United States Sentencing Guidelines ("U.S.S.G.") 2D1.1(b)(1) On June 3, 1997, Blount was resentenced. The court applied the requested two level enhancement for possession of a firearm pursuant to 2D1.1(b)(1) of the Federal Sentencing Guidelines. At resentencing, Blount received a sentence of 262 months imprisonment eight months less than his prior sentencing He now appeals the resentencing
 
 
 5
 Blount raises two questions. First, he claims that the gun under the seat on which he was sitting is factually insufficient to satisfy the test for a 2D1.1 (b)(1) enhancement. Second, even if the facts did support the enhancement. Blount claims that the district judge, who was obviously reluctant to apply the increased sentence was not required to enhance the sentence.
 
 
 6
 Blount's first argument is that the court applied the enhancement to the facts incorrectly. Blount claims the nexus between the man and the drug: transaction was too attenuated to trigger the enhancement. The relationship between the weapon and the underlying offense amounts to a factual assessment, so our review of the district court's determination is for clear error. United States v. Vargas, 116 F.3d 195, 197 (7th Cir.1997).
 
 
 7
 The application note indicates that § 2D1.1(b)(1)'s enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) (app. note 3) (1995) see Vargas, 116 F.3d at 197. Since there was evidence that Blount was present as a "protector," and since the loaded gun was found under the car seat on which he sat, we cannot say that the trial court clearly erred when it concluded that the defendant failed to show the clear improbability that the gun was connected with the drug transaction.
 
 
 8
 We thus turn to the second question Although Blount concedes that the district court had jurisdiction to resentence him and enhance his sentence, he claims that the court was not required to do so. Indeed, the judge appeared reluctant to apply the increased sentence:
 
 
 9
 I don't see anything in here that would authorize me or permit me to depart downward in this situation. Because basically what we've got is a situation where
 
 
 10
 I would like to depart downward, but I don't have a reason for it other than I think that might be the fair thing to do. I cannot do that.
 
 
 11
 T.Tr. at 22-23. Blount argues that the district judge erred in his legal conclusion that 2D1.1(b)(1) analysis is mandatory in a resentencing context.
 
 
 12
 Interpretations of the Sentencing Guidelines are reviewed de novo. United States v. Carmack, 100 F.3d 1271, 1278 (7th Cir.1996) (stating that "interpretation of Bailey and its effect on the 2-level increase under § 2D1.1(b)(1) presents a question of law").
 
 
 13
 Blount's argument requires a brief examination of the relationship between 18 U.S.C. § 924(c) and U.S.S.G. § 2D1.1(b)(1). Section 924(c) imposes an additional five years imprisonment on a person using or carrying a firearm during or in relation to any crime of violence or drug trafficking. 18 U.S.C. § 924(c). Section 2D1.1(b)(1) provides for an increase in a defendant's offense level for certain drug-trafficking offenses if a dangerous weapon was possessed during the offense. U.S.S.G. § 2D1.1(b)(1). Either provision may lengthen a defendant's term of incarceration, but the combination of the two provisions in the same sentence constitutes "double counting" which the guidelines prohibit. See U.S.S.G. § 2K.4 background; United States v. Jackson, 103 F.3d 561, 569 (7th Cir1996). On collateral review, the district court vacated Blount's 924(c) conviction in light of Bailey, and thus opened the door for the Government to pursue the § 2D.1(b)(1) enhancement
 
 
 14
 In the language of United States v. Binford 108 F.3d 723,728 (7th Cir.1997), a defendant's sentence should be conceived of as a package that can be "bundled," "unbundled," and "rebundled." "A sentencing package is the bottom line, the total number of years (or under the guidelines, months) which effectuates a sentencing plan." Id.
 
 
 15
 The image of the package reflects the likelihood that in sentencing a defendant who is convicted of more than one count of a multicount indictment, the district judge imposes an overall punishment which takes into account the nature of the crime, certain characteristics of the criminal, and the interdependence of the individual counts.
 
 
 16
 Id. "When a sentencing package is unbundled, such as when part of a sentence is vacated, we have held that, in order to effectuate its original sentencing intent, the district court may 'rebundle' the package by resentencing the defendant." Id.
 
 
 17
 Blount argues that "may rebundle" does not mean "must rebundle." Indeed, this court has often used language of discretion with regard to rebundling See id. at 728 ("district court may 'rebundle' the package by sentencing defendant"); United States v. Smith, 103 F.3d 531, 533 (7th Cir.1996) (When the "entire package becomes 'unbundled' [then] the judge is entitled to resentence a defendant on all counts."); United States v. Shue, 825 F.2d 1111, 1113 (7th Cir.1987) ("[T]he general rule [is] that, when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent.").
 
 
 18
 However, had Blount never been convicted under § 924(c), the district court would have been required to enhance the sentence under 2D1.1(b)(1). A § 924(c), conviction and subsequent vacation does not somehow render discretionary the mandatory enhancement under section 2D1.1(b)(1).
 
 
 19
 Several other Circuits have suggested that 2D1.1(b)(1) analysis is mandatory following the vacation of a § 924(c) conviction.
 
 
 20
 Clearly, the 924(c) offense and the underlying offense are interdependent and result in al aggregate sentence, not sentences which may be treated discretely. If the district court were to vacate the term associated with the 924(c) count and not resentence on the remaining counts, [Defendant] would not receive the two level enhancement required for the remaining counts, under the Sentencing Guidelines and his sentence would not be in conformity with the law.
 
 
 21
 United States v. Mixon, 115 F.3d 900, 903 (11th Cir.1997) (citing United States v. Davis, 112 F.3d 118, 121-22 (3d Cir.1997)), see also United States v. Morris, 116 F.3d 501, 504 (D.C.Cir.1997) ("Remove the § 924(c) conviction, and the [double counting] block disappears, bringing the mandatory 2D1.1(b)(1) enhancement into play. ") (emphasis added); United States v. Thomas, 93 F.3d 479 488 (8th Cir.1996) ("We therefore reverse Thomas's § 924(c) conviction, vacate his sentence, and remand the case to the district court, which should consider whether a sentence enhancement under § U.S.S.G. § 2D1.1(b)(1) is warranted."). Since 2D1.1 is a mandatory enhancement, the district court was required to perform a 2D1.1 analysis and enhance Blount's sentence.
 
 
 22
 We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order is a complete substitute for our order in U.S. v. Blount, 97-2445 (October 27, 1997)
 
 
 [2]
 Under our Operating Procedure 6(b), this is a successive appeal wherein the defendant claims that the district court was not required to enhance his sentence pursuant to 2D1.1(b)(1). We have concluded that oral argument would not be helpful in this appeal