[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10696
Non-Argument Calendar

_____

D.C. Docket No. 5:06-cr-00017-LSC-PWG-1


UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

FRANKLIN LAMAR KELLOGG,

                                                                Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 6, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

        Franklin Lamar Kellogg appeals his 960-month sentence, imposed by the

district court at resentencing after the district court granted his 28 U.S.C. § 2255 motion to vacate.  After a thorough review of the record, we affirm.

## I.

Following a jury trial in 2007, Kellogg was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113 (Count 1); using a firearm during and in relation to a crime of violence, in violation 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3).  Count 1 carried a statutory maximum of 25 years' (300 months) imprisonment.  *See* 18 U.S.C. § 2113(d).  Count 2 carried a mandatory minimum sentence of 25 years' imprisonment, which would run consecutively to any other sentence imposed.  *See* 18 U.S.C. § 924(c)(1)(C)(i), (c)(1)(D)(ii).  Count 3 carried a mandatory minimum of 15 years' imprisonment and a statutory maximum of life imprisonment.  *See* 18 U.S.C.§ 924(e)(1).  The district court sentenced Kellogg to the maximum 300 months on Count 1 and the high end of the guideline range of 660 months on Count 3 to run concurrently, and the mandatory-minimum 300 months on Count 2 to run consecutive to the other sentences, for a total sentence of 960 months' imprisonment.[1]

---

[1] Kellogg qualified as a career offender, which, when added to the statutory maximum sentences of Counts 1 and 3, generated a guideline range of 660 months' to life imprisonment under U.S.S.G. § 4B1.1(c)(2) & comment. (n.3(c)(ii)) (2007).

2

Kellogg's convictions and sentences were affirmed on direct appeal. *United States v. Kellogg*, No. 07-15807, 2009 WL 323063 (11th Cir. Feb. 10, 2009). Kellogg then filed a motion to vacate his convictions. Relevant to this appeal, he argued that his conviction on Count 3 violated double jeopardy because he had been convicted in Tennessee of the same conduct. The district court granted the motion in part, vacated Kellogg's conviction for Count 3, and ordered resentencing without this count.

At resentencing, the district court sentenced Kellogg to 300 months for Count 1 and increased his sentence on Count 2 from 300 months to a consecutive 660 months. In imposing the sentence, the district court stated, "I had a plan, overall plan of how much time the defendant would serve based upon his overall criminal conduct." The court explained that the lengthy sentence was necessary given the nature and circumstances of the offenses and the history and characteristics of the defendant, as well as the need to deter criminal behavior and protect the public. Kellogg now appeals, arguing that the district court did not have jurisdiction to reconstruct the original total sentence and resentence him on convictions that he did not challenge in his § 2255 motion without an order by this

3

Court reversing and remanding for such a resentencing.[2]

Whether the district court had jurisdiction to resentence Kellogg involves a question of law that we review *de novo*.  *United States v. Watkins*, 147 F.3d 1294, 1296 (11th Cir. 1998).

In *United States v. Rosen*, a pre-Sentencing Guidelines case, we held that when a sentence on multiple counts was disrupted because it incorporated an illegal sentence, it was appropriate for the entire case to be remanded for resentencing.  764 F.3d 763, 767 (11th Cir. 1985).  But we limited our holding to situations where a defendant challenged all of his convictions on direct appeal.  *Id.* at 766.

After the Sentencing Guidelines went into effect, we decided *United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997), which addressed a successful collateral challenge to a § 924(c) conviction.  There, we held that the district court may resentence the defendant on related but unchallenged drug count convictions after vacating one of several convictions.  *Id*. at 902.  We noted that, at the time of sentencing, the district court could not impose both the mandatory sentence for the § 924(c) violation and also apply a two-level enhancement under U.S.S.G.

---

[2] We note that Kellogg has abandoned any challenge to the procedural or substantive reasonableness of his sentence by failing to raise the issue in his brief. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

§ 2D1.1(b)(1) for possession of firearms during the offense. *Mixon*, 115 F.3d at 902. The relationship between § 924(c) and § 2D1.1(b)(1) was an "either/or relationship" at sentencing. *Id*. (quotation omitted). We concluded that the Guidelines contemplated the interdependence of a § 924(c) conviction and underlying drug offenses, and although the § 924(c) conviction had been vacated, this interdependence of the multiple counts allowed the district court to adjust the defendant's sentences on the unchallenged counts. *Id.* at 903.

In *United States v. Oliver*, 148 F.3d 1274 (11th Cir. 1998), the appellants raised the same arguments as the defendant in *Mixon*. *Id*. at 1275. In concluding that their claims were foreclosed, we noted that our decision in *Rosen* did not alter the result because *Rosen* was a pre-Guidelines case, and the language cited by the defendants was *dicta*. *Id.* We reasoned that, because *Rosen* was a pre-Guidelines case, the court could not have considered the unique relationship between § 924(c) and § 2D1.1(b)(1). *Id.*

Similarly, in *United States v. Watkins*, 147 F.3d 1294 (11th Cir. 1998), we faced the same question as in *Mixon* and *Oliver*, but with a twist. *See id*. at 1296. The defendant in *Watkins* was an armed career criminal, which meant that U.S.S.G. § 2D1.1(b)(1) did not apply to enhance his offense level. *Id.* Thus, we had to decide whether the unavailability of the § 2D1.1(b)(1) enhancement at the

5

defendant's original sentencing was an integral component of the district court's jurisdiction to resentence on unchallenged counts following a § 2255 proceeding that vacated a § 924(c) conviction. *Id.* at 1296-97. The defendant argued that the district court did not have jurisdiction to resentence him on the two counts he did not collaterally attack. *Id.* at 1297. We again distinguished *Rosen* as a pre-Guidelines case and we noted that "the district court viewed the defendant's sentence as a 'package' and took into account 'the nature of the crime, certain characteristics of the criminal, and the interdependence of the individual counts.'" *Id.* (quoting *United States v. Binford*, 108 F.3d 723, 728 (7th Cir. 1997)). We held that the "interdependence of the drug and firearms offenses and the sentencing package doctrine provided the district court with the jurisdiction to resentence [the defendant] following his successful collateral attack on the § 924(c) offense." *Id.* at 1297. Thus, the availability of the U.S.S.G. § 2D1.1(b)(1) enhancement was not necessary to the court's jurisdiction to resentence on unchallenged counts. *Id.*

Post-*Booker*,[3] we have continued with a "holistic approach" to resentencing, "treating a criminal sentence as a package of sanctions that *may* be fully revisited upon resentencing." *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010) (internal quotation marks omitted) (emphasis in original). "Under this

---

[3] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

6

holistic approach, when a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (internal quotation marks omitted).  Thus, "the district court is free to reconstruct the sentence utilizing any of the sentence components." *Id.*

In addition, the Supreme Court has said that appellate courts may continue to use this "sentencing package" approach.  *Greenlaw v. United States*, 554 U.S. 237, 253 (2008).  It noted that such "sentencing package cases" typically involve multi-count indictments and a successful attack by a defendant on some but not all counts of conviction.  *Id.*  The appeals court, in such instances, "may vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to assure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)."  *Id.*  The Supreme Court further recognized the possibility that, upon remand, trial courts may impose sentences on the remaining counts that were longer than the sentences originally imposed on those counts, but yielding an aggregate sentence that was no longer than the original aggregate sentence.  *Id.* Thus, although the defendant ultimately may gain nothing from his limited success on appeal, he also loses nothing.  *Id.* at 254.

In Kellogg's case, Counts 1 and 2 were interdependent with count 3, and the

7

record indicates that the district court viewed the initial sentence as a "package." Thus, the district court had jurisdiction to resentence Kellogg on Counts 1 and 2, and the district court's "overall plan" to resentence Kellogg to 960 months' imprisonment was within its power. *Mixon*, 115 F.3d at 902-03; *Watkins*, 147 F.3d at 1297; *see also Greenlaw*, 554 U.S. at 253; *Martinez*, 606 F.3d at 1304. The fact that resentencing resulted from a successful collateral attack rather than a remand from this court is not relevant. *See, e.g., Mixon*, 115 F.3d at 901, 903; *see also Binford*, 108 F.3d at 729. Accordingly, we conclude that the district court had jurisdiction to resentence Kellogg on Counts 1 and 2, and we affirm the sentence imposed.

**AFFIRMED.**