[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14695

_____

JAMES MATHURIN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:19-cv-20830-RNS,
1:12-cr-20885-RNS-1

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

James Mathurin, a federal prisoner, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate his conviction for conspiring to use a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o). He contends that the § 924(o) charge relies on Hobbs Act conspiracy as the predicate felony offense, and this crime is not a crime of violence after this Court's decision in *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019). The government argues that Mathurin procedurally defaulted this claim. Our precedent in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), compels us to agree. Mathurin also challenges one of his convictions for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), on the ground that the predicate offenses for the charge—Hobbs Act conspiracy and attempted Hobbs Act robbery—are not crimes of violence following *Brown* and the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). Because the government expressly waived any procedural default argument as to this claim, we reverse the denial of Mathurin's § 2255 motion to the extent it challenged this conviction and remand to the district court for resentencing. We thus affirm in part, reverse in part, and remand.

## I.  BACKGROUND

Between July and December 2007, when Mathurin was 17 years old, he and several other co-conspirators committed a series

of crimes that included breaking into at least one home, robbing several stores and restaurants, and committing two carjackings. A more detailed description of Mathurin's crimes is set out in our opinion on his direct appeal. *See United States v. Mathurin* (*Mathurin II*), 868 F.3d 921, 924–26 (11th Cir. 2017).[1]

In 2012, a grand jury returned a 31-count indictment charging Mathurin and others with substantive and conspiracy offenses arising out of the 2007 string of crimes.[2] The indictment charged Mathurin with the following offenses:

- one count of conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951(a) (Count 1);
- 12 counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 4, 6, 8, 10, 12, 14, 16, 17, 19, 21, 22, and 24);
- two counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 3 and 28); and

---

[1] Because we write for the parties, we include only what is necessary to explain our decision.

[2] Before Mathurin was indicted in this case, he previously was charged with several armed robbery and weapons offenses arising out of the same series of crimes. Although a jury convicted him, we vacated his convictions after concluding that the government violated the Speedy Trial Act, 18 U.S.C. § 3161, and remanded the case for the district court to determine whether the indictment should be dismissed with or without prejudice. *United States v. Mathurin* (*Mathurin I*), 690 F.3d 1236, 1243 (11th Cir. 2012). After the district court dismissed the indictment without prejudice, Mathurin was charged in this case.

- two counts of carjacking, in violation of 18 U.S.C. § 2119(1) (Counts 26 and 30).

The indictment also charged him with the following crimes under 18 U.S.C. § 924:

- 13 counts of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 5, 7, 9, 11, 13, 15, 18, 20, 23, 25, 27, 29, and 31), and
- one count of conspiracy to carry a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 2).

Mathurin's arguments in this appeal concern two of his convictions: the § 924(o) offense charged in Count 2 and the § 924(c) offense charged in Count 29.

Count 2 of the indictment charged that Mathurin:

did knowingly and willfully combine, conspire, confederate, and agree with others . . . to use and carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence, that is, a violation of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 2119(1), in violation of Title 18, United States Code, Section 924(c); all in violation of Title 18, United States Code, Section 924(o).

Crim. Doc. 5 at 2.[3] The indictment thus alleged that Mathurin violated § 924(o) by conspiring to violate § 924(c), which makes it a crime to carry a firearm in furtherance of a crime of violence. The count referenced § 1951(a), Hobbs Act robbery, and § 2119(1), carjacking, as the predicate crimes of violence for the § 924(c) offense.

By contrast, the district court's instruction to the jury on Count 2 did not include any substantive crimes or other counts in the indictment that the jury should consider as predicate crimes of violence for the § 924(c) offense. Instead, the relevant part of the jury instructions read as follows:

> [Mathurin] can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> First: That two or more persons in some way or manner came to a mutual understanding to accomplish a common and unlawful plan, as charged in the Indictment;
>
> Second: That [Mathurin], knowing the unlawful purpose of the plan, voluntarily participated in helping to accomplish the goal; and

---

[3] "Crim. Doc." refers to the district court's docket entries in Mathurin's underlying criminal case. "Doc." refers to the district court's docket entries in this case.

> *Third: That, the object of the unlawful plan was to know-*
> *ingly use a firearm in relation to the violent crime or to pos-*
> *sess the firearm in furtherance of the crime of violence*[.]

Crim Doc. 176 at 15–16 (emphasis added). The jury was then given a general verdict form, which also failed to specify which counts in the indictment the jury should consider as predicate offenses for Count 2. The verdict form read as follows:

> As to the conspiracy charged in Count 2, we, the Jury, unanimously find the Defendant, JAMES MATHURIN:
>
> Guilty _____      Not Guilty _____

Crim. Doc. 179 at 1.

The jury convicted Mathurin of most of the charges against him, including the § 924(o) charge. The district court sentenced him to a total of 685 months in custody. On direct appeal, we affirmed Mathurin's convictions and sentence. *Mathurin II*, 868 F.3d at 927.

Mathurin later filed a *pro se* motion to vacate his convictions under 18 U.S.C. § 2255. In his motion, he challenged his convictions on several grounds. As relevant to this appeal, he challenged his Count 2 conviction for violating § 924(o) by conspiring to carry a firearm in furtherance of a crime of violence. He argued that his § 924(o) conviction was unlawful because the jury returned a general verdict that did not specify the predicate offenses it relied on—so, the jury could have convicted him on Count 2 based on

20-14695            Opinion of the Court            7

conspiracy to commit Hobbs Act robbery, which was not a crime of violence after the United States Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and this Court's decision in *Brown*, 942 F.3d at 1075–76.

The district court denied Mathurin's motion, concluding that he procedurally defaulted his challenge to the § 924(o) conviction by not arguing at trial or on direct appeal that § 924(c)'s residual clause was unconstitutionally vague. Alternatively, the district court concluded that Mathurin's motion would have failed on the merits. The court determined that the invalid Hobbs Act conspiracy predicate was "inextricably intertwined" with other, still-valid predicates, including completed Hobbs Act robbery and carjacking. Doc. 124 at 13 (internal quotation marks omitted). Thus, any error was harmless.[4] Nevertheless, the district court granted a certificate of appealability on the following issue:

> Whether a § 2255 movant raising a *Davis* claim bears the burden to show that it is more likely than not that his § 924(c)/(o) conviction resulted solely from the application of § 924(c)'s unconstitutional residual clause and, if not, whether the movant is entitled to

---

[4] We note that in 2020 when the district court ruled on Mathurin's § 2255 motion, the court stated—correctly under then-current law—that attempted Hobbs Act robbery was a valid predicate for the § 924(o) charge. But, as the government acknowledges, attempted Hobbs Act robbery is not a valid predicate since the Supreme Court's decision in *Taylor*, in which the Court held that attempted Hobbs Act robbery is not a crime of violence under the elements clause and thus not a valid predicate felony offense. 142 S. Ct. at 2020.

relief on his *Davis* challenge to his 924(o) conviction in Count 2.

*Id.* at 17.

After this appeal was fully briefed, we appointed counsel for Mathurin. His counsel filed a supplemental brief arguing that his Count 29 conviction for violating § 924(c) must also be vacated based on *Davis*, *Brown*, and *Taylor* because there is no valid predicate offense underlying the conviction A judge of this Court granted Mathurin's motion to expand the certificate of appealability to include this claim. The government agrees that Mathurin's Count 29 conviction should be vacated.

Count 29 of the indictment alleged that Mathurin: "did knowingly use, carry, or discharge a firearm during and in relation to a crime of violence, and did possess a firearm in furtherance of a crime of violence" in violation of § 924(c). Crim. Doc. 5 at 15. Unlike the ambiguity in Count 2 and its corresponding jury instruction, Count 29 identified Count 1 (Hobbs Act conspiracy) and Count 28 (attempted Hobbs Act robbery) as the predicate offenses.[5]

---

[5] Though the errors are ultimately immaterial, the Court notes that both Mathurin's and the government's appellate briefs include errors in their discussion of the § 924(c) offense charged in Count 29. In his supplemental brief, Mathurin says that the Count 29 § 924(c) offense was based "solely" on attempted Hobbs Act robbery, but the indictment listed two predicate offenses—conspiracy to commit Hobbs Act robbery (Count 1) and attempted Hobbs Act robbery (Count 28). Appellant's Counseled Supp. Br. at 12. And the

20-14695                Opinion of the Court              9

## II.  STANDARD OF REVIEW

"In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (internal quotation marks omitted).

Whether procedural default bars a § 2255 movant's claim is a mixed question of law and fact that we review *de novo*. *Granda*, 990 F.3d at 1286 (11th Cir. 2021).

## III. DISCUSSION

Mathurin raises two issues on appeal. First, he argues that his Count 2 conviction for violating § 924(o) must be vacated because this Court has held that one of the predicate offenses for Count 2—Hobbs Act conspiracy—is not a crime of violence and thus is an invalid predicate. Second, he argues that his Count 29 conviction for violating § 924(c) must also be vacated because the Supreme Court and this Court together have held that neither of the two predicate offenses for Count 29—attempted Hobbs Act robbery and Hobbs Act conspiracy—are crimes of violence, so there is no valid predicate offense for the charge.

---

government's supplemental brief erroneously describes the § 924(c) predicates for Count 29 as "the Hobbs Act robbery conspiracy charged in Count 2, and the attempted Hobbs Act robbery in Count 28." Appellee's Supp. Br. at 13. The Hobbs Act conspiracy offense to which Count 29 refers is Count 1 of the indictment, not Count 2.

By way of brief background, § 924(o) makes it a crime to conspire to commit an offense under § 924(c)—that is, to conspire to possess a firearm in furtherance of a crime of violence or drug trafficking crime. 18 U.S.C. § 924(o). Section 924(c) defines the term "crime of violence" as a federal felony that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"—known as the "elements" clause—or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—known as the "residual" clause. *Id.* § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. 139 S. Ct. at 2336. Following *Davis*, this Court held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" as defined in the elements clause. *Brown*, 942 F.3d at 1075 (internal quotation marks omitted). And the Supreme Court recently decided that attempted Hobbs Act robbery is not "a crime of violence." *Taylor*, 142 S. Ct. at 2025–26. Thus, neither Hobbs Act conspiracy nor attempted Hobbs Act robbery can serve as a predicate felony offense for a § 924(c) or § 924(o) charge.

We address Mathurin's challenges to his Count 2 § 924(o) conviction and his Count 29 § 924(c) conviction in turn.

A.    *Mathurin Procedurally Defaulted his* Davis *Challenge to His Count 2 § 924(o) Conviction.*

Count 2 charged Mathurin with conspiring to use and carry a firearm during and in relation to, and possessing a firearm in

furtherance of, a crime of violence, all in violation of 18 U.S.C. § 924(o). He argues that his conviction on this conspiracy offense must be vacated because the jury's verdict was based on a § 924(c) charge for conspiracy to commit Hobbs Act robbery, which is an invalid predicate. The government responds that Mathurin procedurally defaulted any challenge to this conviction by failing to argue at trial or on direct appeal that § 924(c) was unconstitutionally vague. We agree with the government and affirm the district court's denial of his § 2255 motion on this claim.

Section 2255 motions to vacate are subject to the doctrine of procedural default. *Granda*, 990 F.3d at 1280. The doctrine bars a defendant from obtaining postconviction relief based on a challenge that he did not—but could have—raised earlier. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). In Mathurin's case, he did not argue in the trial court, or on direct appeal, that the Count 2 § 924(o) conviction was invalid because § 924(c)'s residual clause was unconstitutionally vague. "A defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Granda*, 990 F.3d at 1286 (alteration adopted) (internal quotation marks omitted). Because Mathurin did not raise the issue at any time before filing his § 2255 motion, it is procedurally defaulted, and therefore his claim must be denied, unless he can: (1) establish that "the alleged error is jurisdictional," *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020), (2) "show cause to excuse the default and actual prejudice," or (3) "show that he is actually innocent," *Granda*, 990 F.3d at 1286 (emphasis omitted).

Mathurin first argues that his *Davis* claim cannot be procedurally defaulted because it is jurisdictional. He then argues that even if his claim is not jurisdictional, we should nevertheless excuse his procedural default because he has demonstrated cause and prejudice, and he has shown his actual innocence.

### i. Mathurin's Davis *Claim is Not Jurisdictional.*

In relevant part, § 924(o) provides that "[a] person who conspires to commit an offense under [§ 924(c)] shall be imprisoned for not more than 20 years, fined under this title, or both." 18 U.S.C. § 924(o). The thrust of Mathurin's argument is that because the § 924(o) count had no valid predicate § 924(c) offense, the charge did not accuse Mathurin of *any* offense, and the district court had no authority to enter judgment against him on that count. Were Mathurin's § 924(o) conviction based on invalid predicates only, he would be correct. But because the § 924(o) count also relied on valid Hobbs Act robbery and carjacking predicates, we must reject his jurisdictional claim.

District courts have power to adjudicate "all offenses against the laws of the United States." *Id.* § 3231. And an indictment that "charges the defendant with violating a valid federal statute as enacted in the United States Code" is sufficient to invoke the court's jurisdiction under § 3231. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). But "when the indictment itself fails to charge a crime, the district court lacks jurisdiction." *United States v. Moore*, 954 F.3d 1322, 1334 (11th Cir. 2020); *see also United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002) ("[A] district court is without

jurisdiction to accept a guilty plea to a 'non-offense.'"). An indictment could "fail to charge a legitimate offense" when, for example, the statute establishing the offense is unconstitutional or has some other defect. *See United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011).

Mathurin argues that the Count 2 § 924(o) charge was predicated on an offense that does not satisfy § 924(c)'s elements clause. In his view, because Count 2, as a whole, fails to satisfy § 924(o)'s statutory definition, it fails to charge him with an offense over which the district court had jurisdiction, so his challenge cannot be defaulted. After *Davis* and *Brown*, Count 1 (conspiracy to commit Hobbs Act robbery) and Counts 3 and 28 (attempted Hobbs Act robbery) cannot qualify as valid crimes of violence under § 924(c); therefore, they cannot predicate the § 924(o) conspiracy charge. *See Davis*, 139 S. Ct. at 2336; *Brown*, 942 F.3d at 1075–76. This Court has suggested that an invalid-predicate claim might be jurisdictional if *all* predicate offenses underlying a particular charge were invalid. *See United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2019) (describing a defendant's constitutional claim as jurisdictional where he challenged the validity of all underlying predicate offenses), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336, *and Taylor*, 142 S. Ct. at 2025–26; *see also Peter*, 310 F.3d at 714 (describing as jurisdictional a claim that "the indictment consisted only of specific conduct that, as a matter of law, was outside the sweep of the charging statute"). In this case, the indictment did not rely solely on invalid predicate offenses for the § 924(o) crime charged in Count 2. It identified other offenses, including 12 completed

Hobbs Act robbery offenses and two federal carjacking offenses. *See* Crim. Doc. 5. The jury found Mathurin guilty of all but one count of Hobbs Act robbery[6] (Counts 4, 6, 8, 10, 12, 14, 16, 17, 19, 22, and 24) and of both carjacking counts (Counts 26 and 30).[7]

Thus, any one or a combination of the 11 counts of completed Hobbs Act robbery and/or the two counts of carjacking could have validly predicated Mathurin's Count 2 § 924(o) conviction. Mathurin is correct that the indictment, jury instructions, and jury verdict form do not clarify which of the many charged offenses served as predicate crimes of violence. But in *Granda* we held that § 924(o) requires only one predicate offense that qualifies as a valid crime of violence. *Granda*, 990 F.3d at 1288–89 (explaining that "reliance on any" one of the possible valid predicates "would have provided a wholly independent, sufficient, and legally valid basis" to convict). Because Mathurin could have been convicted on Count 2 based on other valid predicates, his jurisdictional argument fails.

---

[6] The indictment charged 12 counts of completed Hobbs Act robbery, but the jury found Mathurin not guilty on Count 21, leaving 11 counts of completed Hobbs Act robbery that could serve as predicates for the § 924(o) offense charged in Count 2.

[7] Following the Supreme Court's decision in *Davis*, we have stated "carjacking qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)." *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019).

ii.  *Mathurin Has Not Established Cause to Excuse His Default.*

Mathurin next argues that he has established cause to excuse his procedural default. This issue, too, is controlled by our decision in *Granda*.

"Where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Granda*, 990 F.3d at 1286 (alteration adopted) (internal quotation marks omitted). The cause question is "not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (internal quotation marks omitted).

In *Granda*, the defendant challenged his § 924(o) conviction based on the Supreme Court's decision in *Davis*. 990 F.3d at 1286. We concluded that he had not established cause because his *Davis* claim was not sufficiently novel to excuse the default. *Id*. We explained that, despite the Supreme Court's announcement of a new constitutional rule when it declared § 924(c)'s residual clause unconstitutionally vague, *Davis* was not "a sufficiently clear break with the past" such that his attorney could not have raised the vagueness challenge on his direct appeal in 2009 based on due-process principles. *Id*. at 1286 (internal quotation marks omitted). The same is true for Mathurin. He filed his direct appeal in 2015. If Granda "did not lack the building blocks of a due process vagueness challenge to the § 924(c) residual clause" in 2009, then Mathurin plainly did not at the time of his direct appeal in 2015. *Id*. at 1287

(internal quotation marks omitted). Thus, he cannot demonstrate cause.

Mathurin argues that *Granda* was wrongly decided. But under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined by the Supreme Court or by this Court sitting en banc." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We are therefore compelled to conclude that Mathurin's cause argument is foreclosed by *Granda*.

We have held that "overcoming the procedural-default bar requires both cause *and* prejudice," so Mathurin's "failure to establish cause is fatal." *United States v. Bane*, 948 F.3d 1290, 1987 (11th Cir. 2020) (emphasis in original). We need not address whether he established actual prejudice.

### iii.   *Mathurin Has Not Demonstrated His Actual Innocence.*

Mathurin argues that "he has demonstrated . . . actual innocence" to excuse his default. Appellant's Counseled Supp. Br. at 32 n.5. We have held that the "actual innocence exception" requires a showing of "factual innocence" of the crime that serves as a predicate offense. *McKay*, 657 F.3d at 1199 (emphasis omitted). "To demonstrate actual innocence of the § 924(o) offense, [Mathurin] would have to show that no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses." *Granda*, 990 F.3d at 1292.

Nowhere in his briefing does Mathurin claim he is factually innocent of the 11 Hobbs Act robberies and two carjackings that

are valid predicate offenses for § 924(o) count. The closest he comes is by arguing that the government's failure to specify the counts in the indictment that were intended to predicate the § 924(o) count leaves open the possibility that the jury relied on Hobbs Act conspiracy in Count 1—which is not a crime of violence—as the predicate to convict him. But pointing to the lack of clarity in an indictment and a general jury verdict form was not enough to demonstrate factual innocence to cure the procedural default in *Granda*, and it is not enough to do so here. *See id*.; *McKay*, 657 F.3d at 1199.

We agree with the district court that Mathurin has procedurally defaulted his claim based on *Davis* that the § 924(o) count is invalid. Because this claim is not jurisdictional, and because he has neither established cause to excuse his default nor demonstrated actual innocence, we deny his challenge to the Count 2 § 924(o) conviction.

B.    *Mathurin's Count 29 § 924(c) Conviction Must be Vacated.*

Mathurin's second argument on appeal is that his Count 29 conviction for violating § 924(c) must be vacated. He points out that the predicate offenses for Count 29 were Hobbs Act conspiracy and attempted Hobbs Act robbery. Because the Supreme Court's and this Court's decisions, taken together, establish that neither offense is a crime of violence that can serve as a predicate offense, Mathurin says, this conviction must be vacated. *See Davis*, 139 S. Ct. at 2336; *Taylor*, 142 S. Ct at 2025–26; *Brown*, 942 F.3d at 1075–76.

Mathurin did not raise this argument at trial or on direct appeal. Although the government insists that Mathurin has defaulted his § 924(o) claim, it takes a different stance on this § 924(c) claim. The government concedes that Mathurin's Count 29 § 924(c) conviction should be vacated. It expressly waived all procedural-default arguments. *See Seabrooks v. United States*, 32 F.4th 1375, 1384 (11th Cir. 2022) (recognizing that procedural default is an affirmative defense the government may waive). Given the Supreme Court's decisions in *Davis* and *Taylor*, and this Court's decision in *Brown*, we conclude that Mathurin's § 924(c) conviction in Count 29 must be vacated and his case must be remanded to the district court for *de novo* resentencing. *See United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997) (holding that after a defendant's § 924(c) conviction was vacated, the district court properly resentenced the defendant on related but unchallenged counts).

## IV.  CONCLUSION

For the above reasons, we affirm in part, reverse in part, and remand. We affirm the district court's denial of Mathurin's § 2255 motion as to his conviction on Count 2 for violating § 924(o). However, we reverse the district court's denial of his § 2255 motion to the extent it raised a challenge to his Count 29 conviction for violating § 924(c) and remand to the district court for resentencing.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**