United States Court of Appeals,

Eleventh Circuit.

No. 97-2224.

UNITED STATES of America, Plaintiff-Appellee,

v.

Everett Dale WATKINS, a.k.a. Dale Watkins, Defendant-Appellant.

July 28, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 93-CR-04046-01), William Stafford, Judge.

Before COX, DUBINA and BLACK, Circuit Judges.

DUBINA, Circuit Judge:

## I. BACKGROUND

Defendant/Appellant, Everett Dale Watkins ("Watkins"), was indicted and charged in a three count indictment. Count I charged conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a), 841(b)(1)(B)(vii), and § 846. Count II charged possession of three firearms as a three-time felon, in violation of 18 U.S.C. § § 922(g) and 924(e). Count III charged using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Watkins entered into a plea agreement with the government in which he pled guilty to all three counts of the indictment.

When Watkins was sentenced, his base offense level for the drug offense in Count I was 26 with a criminal history category of IV. However, Watkins's base offense level on Count II, the § 924(e) offense, was 37, with a criminal history category of VI, due to his status as a career offender pursuant to United States Sentencing Guidelines § 4B1.1 ("U.S.S.G." or "guidelines"). After a three-point reduction for acceptance of responsibility, Watkins's guideline offense range for Counts

I and II was 262 to 327 months, to be followed by a mandatory consecutive sentence of 60 months on the § 924(c) offense in Count III. The government filed a substantial assistance certification pursuant to U.S.S.G. § 5K1.1 on Watkins's behalf. This effectively placed Watkins's sentence outside the guideline range and gave the district court discretion to sentence Watkins to an appropriate sentence. Thus, the district court crafted a package sentence totaling 132 months as follows: concurrent terms of imprisonment of 72 months on Counts I and II and a 60-month consecutive term of imprisonment on Count III.

Three years after his sentencing, Watkins filed a 28 U.S.C. § 2255 motion to vacate the conviction and sentence for the § 924(c) offense, pursuant to the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).[1] The government conceded that, in light of *Bailey,* Watkins's conviction on Count III should be vacated. The government requested that Watkins be resentenced with a two-level enhancement for possession of a firearm in connection with a drug offense in Count I, pursuant to U.S.S.G. § 2D1.1(b)(1).[2] The probation officer prepared a second addendum to the pre-sentence report ("PSI") which concluded that a U.S.S.G. § 2D1.1(b)(1) enhancement to Count I would not affect Watkins's adjusted offense level. The original calculation of an adjusted offense level of 34 was based upon the career offender application to Count II. Therefore, a two-level upward adjustment to Count I pursuant to § 2D1.1(b)(1) would not affect Watkins's guideline range. The government then filed an addendum

---

[1] In *Bailey,* the Supreme Court held that 18 U.S.C. § 924(c) requires evidence sufficient to show *active employment* of a firearm by a defendant during and in relation to a predicate offense. 516 U.S. at 143, 116 S.Ct. at 505.

[2] U.S.S.G. § 2D1.1(b)(1) provides that in offenses involving drugs, the base offense level is increased by 2 levels if a dangerous weapon was possessed.

2

to Watkins's U.S.S.G. § 5K1.1 motion, which detailed additional cooperation provided by Watkins to law enforcement personnel.

At resentencing, the district court concluded that it had the authority to resentence Watkins on each of Counts I and II to a term of imprisonment not to exceed 132 months, which was the aggregate sentence previously imposed on all three counts. After considering the addendum to the § 5K1.1 memorandum, the district court imposed concurrent terms of imprisonment of 96 months on Counts I and II. This resulted in a 24-month increase in the initial sentence imposed upon Counts I and II alone, but was 36 months lower than Watkins's prior aggregate sentence.

## II. ISSUES

1. Whether the district court had jurisdiction to resentence Watkins on Counts I and II, when only Count III was challenged in Watkins's 28 U.S.C. § 2255 motion.

2. Whether the resentencing violated Watkins's double jeopardy rights.

3. Whether the resentencing violated Watkins's due process rights.

## III. STANDARD OF REVIEW

The issues of whether the district court had jurisdiction to resentence Watkins and whether the resentencing violated Watkins's double jeopardy and due process rights involve questions of law and are subject to *de novo* review. *United States v. Smith,* 115 F.3d 241, 244 (4th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 315, 139 L.Ed.2d 244 (1997). *See also United States v. Garrett,* 3 F.3d 390, 390 (11th Cir.1993) ("Questions of law are reviewed *de novo.*").

## IV. DISCUSSION

This appeal presents an interesting twist on an already decided issue in our circuit. In *United States v. Mixon,* 115 F.3d 900 (11th Cir.1997), we joined a number of other circuits in concluding

that a district court has jurisdiction, after vacating an 18 U.S.C. § 924(c) conviction on a *Bailey* challenge raised in a 28 U.S.C. § 2255 habeas petition, to resentence a defendant on the remaining unchallenged counts.[3]  The *Mixon* case affirmed the district court's application of the U.S.S.G. § 2D1.1(b)(1) enhancement on unchallenged counts following a successful § 2255 motion vacating the 18 U.S.C. § 924(c) conviction.  We followed several circuit cases which held that either statutory authority or the sentencing package doctrine permitted resentencing on unchallenged counts following vacatur of a § 924(c) conviction.  115 F.3d at 903.  Thus, we held that based on the language of § 2255 and the interdependence of the multiple counts for sentencing purposes, a district court could adjust a defendant's sentence on the unchallenged, but related, drug counts.  *Id.*

The twist in the present case is that Watkins, unlike the defendants in *Mixon* and the other circuit cases, is an armed career criminal.  Thus, Watkins's career offender status trumps the usual offense level calculations so that Watkins' offense level is not increased by application of the

_____

[3]*See e.g. United States v. Handa,* 122 F.3d 690, 691-92 (9th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998);  *United States v. Mendoza,* 118 F.3d 707 (10th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 393, 139 L.Ed.2d 307 (1997);  *United States v. Morris,* 116 F.3d 501 (D.C.Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 431, 139 L.Ed.2d 331 (1997);  *United States v. Smith,* 115 F.3d 241 (4th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 315, 139 L.Ed.2d 244 (1997);  *Gardiner v. United States,* 114 F.3d 734, 735-36 (8th Cir.), *cert. denied, Gutierrez-Silva v. U.S.,* --- U.S. ----, 118 S.Ct. 318, 139 L.Ed.2d 246 (1997)(multi-count sentence is a "package," and any attack on one count is an attack on the bottom line sentence);  *United States v. Rodriguez,* 114 F.3d 46, 48 n. 6 (5th Cir.1997);  *United States v. Harrison,* 113 F.3d 135, 137 (8th Cir.1997);  *United States v. Davis,* 112 F.3d 118, 122-23 (3rd Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 224, 139 L.Ed.2d 156 (1997);  *United States v. Rodriguez,* 112 F.3d 26, 30-31 (1st Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 237, 139 L.Ed.2d 168 (1997);  *United States v. Binford,* 108 F.3d 723, 728-29 (7th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997);  *United States v. Hillary,* 106 F.3d 1170, 1172-73 (4th Cir.1997);  *United States v. Smith,* 103 F.3d 531, 533-35 (7th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997);  *United States v. Milledge,* 109 F.3d 312, 315 (6th Cir.1997);  *United States v. Gordils,* 117 F.3d 99, 102-04 (2d Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 430, 139 L.Ed.2d 330 (1997).

U.S.S.G. § 2D1.1(b)(1) enhancement. Therefore, the guidelines range on Counts I and II are the same as they were at the original sentencing. In *Mixon,* the availability of the § 2D1.1(b)(1) enhancement changed the guideline range, enabling the court to increase the sentence on the unchallenged counts. The questions raised by this appeal are whether the availability of the § 2D1.1(b)(1) enhancement is an integral component of the court's jurisdiction to resentence on unchallenged counts following a § 2255 proceeding and whether the absence of enhancement changes double jeopardy or due process considerations. We answer both questions in the negative.

A. *Jurisdiction*

Relying on *United States v. Rosen,* 764 F.2d 763, 766 (11th Cir.1985)[4], Watkins argues that the district court did not have jurisdiction to resentence him on Counts I and II because only Count III was the subject of his habeas petition. In *Rosen,* a case that arose before the guidelines were enacted, we held that following a successful collateral attack, only the sentence on the specific challenged count is before the district court because the district court only has power over the challenged counts. *Id.* By contrast, in cases subject to the guidelines, sentences imposed for drug and firearms offenses are interdependent. The guidelines contemplate the interdependence of a § 924(c) conviction and the underlying offense. *United States v. Davis,* 112 F.3d 118, 121 (3rd Cir.1997). *Rosen* did not contemplate such interdependence and, therefore, is distinguishable.

In this case, the district court viewed Watkins's sentence as a "package" and took into account "the nature of the crime, certain characteristics of the criminal, and the interdependence of the individual counts." *United States v. Binford,* 108 F.3d 723, 728 (7th Cir.1997). The district

---

[4]Watkins also relies on *Beal v. United States,* 924 F.Supp. 913, 917 (D.Minn.1996), but his reliance is misplaced because that case was reversed and remanded by the Eighth Circuit in *Gardiner v. United States,* 114 F.3d 734, 735-36 (8th Cir.1997).

court had jurisdiction to resentence Watkins on all counts when Count III was vacated because the sentencing package became "unbundled," and the district court had to recalculate and reconsider Watkins's sentence for it to comport with the district court's original intentions at sentencing. *Id.* at 728-29. In rare cases such as this one, where the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package.

At Watkins's resentencing, the district court acknowledged that it could not sentence Watkins to a higher sentence than previously imposed. Thus, the district court began at 132 months again, and then considered the government's amended § 5K1.1 motion. The district court reflected on its original sentence and Watkins's offense conduct and arrived at a 96-month concurrent sentence for Counts I and II.

The interdependence of the drug and firearms offenses and the sentencing package doctrine provided the district court with the jurisdiction to resentence Watkins following his successful collateral attack on the § 924(c) offense. Thus, the availability of the U.S.S.G. § 2D1.1(b)(1) enhancement is not necessary to the court's jurisdiction to resentence on unchallenged counts. Once jurisdiction is established, the district court has the discretion to consider the nature and circumstances of the offense conduct and to fashion an appropriate sentence that comports with the law. In this case, Watkins's status as a career offender caused his base offense level for the drug offense in Count I to be merged with his lengthier base offense level for the firearms charged in Count II. Also, during both his initial sentencing and at his resentencing, Watkins received substantial downward departures pursuant to U.S.S.G. § 5K1.1. The district court considered the proper legal factors and imposed a sentence that it found appropriate. Moreover, the district court

6

correctly acknowledged that the sentencing package had become "unbundled" and, accordingly, properly adjusted Watkins's sentence. Because the district court was within its jurisdiction to resentence Watkins and because the sentence imposed comported with the law, we affirm the sentence.

B. *Double Jeopardy Claim*

Watkins's double jeopardy challenge is foreclosed by *Mixon,* where we held that resentencing does not violate the double jeopardy clause. Additionally, because Watkins challenged the aggregate sentence, he can have no legitimate expectation of finality in any discrete portion of the sentence. *See generally United States v. DiFrancesco,* 449 U.S. 117, 133, 101 S.Ct. 426, 435, 66 L.Ed.2d 328 (1980) ("the pronouncement of sentence has never carried the finality that attaches to an acquittal."). *See also Monge v. California,* --- U.S. ----, 118 S.Ct. 2246, --- L.Ed.2d ---- (1998)(reinforcing *DiFrancesco* proposition). A defendant can have no legitimate expectation of finality in his original drug-trafficking sentence, as that sentence was interdependent on the firearm sentence that he challenged in his § 2255 motion. *See Davis,* 112 F.3d at 124. As the *Gardiner* court explained, "[w]hen a prisoner collaterally attacks a portion of a judgment, he is reopening the entire judgment and cannot selectively craft the entire manner in which the court corrects that judgment." 114 F.3d at 736. Because Watkins's challenge nullifies any expectation of finality in his sentence, we see no double jeopardy violation. *See United States v. McClain,* 133 F.3d 1191 (9th Cir.1998), *petition for cert. filed* May 27, 1998.

C. *Due Process Claim*

Watkins argues that the district court's upward modification of his sentence on Counts I and II violated his due process rights. We disagree because the district court utilized the same 132-

month sentence to begin its consideration in the resentencing. *See* R. Vol. 4. The aggregate sentence of 132 months was not increased.[5] Because of this, Watkins was put in the same position as if a § 924(c) charge had not been included in the indictment. *See Harrison,* 113 F.3d at 138.

Additionally, as stated previously, Watkins has no expectation of finality in his sentence because he challenged the § 924(c) conviction and sentence, which was closely linked with the underlying drug offense. Moreover, Watkins can have no reasonable expectation of finality as to his sentence when he has not completed his term of imprisonment. *Davis,* 112 F.3d at 124. We conclude there is no due process violation.

## V. CONCLUSION

For the foregoing reasons, we affirm Watkins's sentence.

AFFIRMED.

---

[5]We are mindful that a defendant's due process rights may be violated "when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." *United States v. Lundien* 769 F.2d 981, 987 (4th Cir.1985). It is an extreme case where a later upward revision of a sentence is so unfair that it is inconsistent with the fundamental notions of fairness found in the due process clause. *Davis,* 112 F.3d at 123. This is not an extreme case.