[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11368
Non-Argument Calendar
_____

D.C. Docket Nos. 4:10-cv-00011-RLV; 4:07-cr-00001-RLV-WEJ-1


JEDSON EDWARD LEIST,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 23, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jedson Edward Leist, a federal prisoner, appeals from his convictions and sentences after the district court resentenced him in accordance with its grant of § 2255 relief.  Leist filed his counseled § 2255 motion while serving a total 20-year sentence following convictions for, *inter alia*, two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 14) and two counts of possession of a firearm after having been convicted of a domestic violence misdemeanor, in violation of 18 U.S.C. § 922(g)(9) (Counts 2 and 15).  The district court concluded that Counts 1 and 2 were multiplicitous as to each other, as were Counts 14 and 15.  In granting § 2255 relief, the district court vacated Leist's sentences as to the multiplicitous counts of conviction, resentenced Leist on Counts 1 and 14, and "merge[d]" Counts 2 and 15 into those counts, respectively.

Leist argues on appeal that the district court should have vacated his convictions under Counts 2 and 15 along with the mandatory statutory assessment that he was required to pay as a result of those convictions.  The government substantially agrees with Leist's arguments on appeal.

We generally review *de novo* issues of double jeopardy and due process that arise during sentencing.  *See United States v. Watkins*, 147 F.3d 1294, 1296 (11th Cir. 1998).  However, when a party raises an issue concerning the validity of a conviction for the first time on appeal, we review for plain error.  *United States v.*

*Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).  We will reverse on plain error review only if there is: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 1271 (internal quotation marks omitted).

The Supreme Court has held that where a defendant received two convictions for the same conduct, the error must be remedied by vacating one of the convictions.  *Ball v. United States*, 470 U.S. 856, 864, 105 S. Ct. 1668, 1673, 84 L. Ed. 2d 740 (1985).  Even where the district court imposed concurrent sentences for the multiplicitous convictions, such that the defendant suffered no additional period of imprisonment for the second conviction, one conviction must be vacated because the fact of a separate conviction can carry with it collateral consequences.  *Id.* at 864-65, 105 S. Ct. at 1673.  The Supreme Court subsequently held that a mandatory special assessment is, by itself, a sufficient collateral consequence requiring that a multiplicitous conviction be vacated.  *Rutledge v. United States*, 517 U.S. 292, 301-03, 116 S. Ct. 1241, 1247-48, 134 L. Ed. 2d 419 (1996).  The district court is required to impose a $100 assessment against an individual convicted of a felony offense against the United States.  18 U.S.C. § 3013(a)(2)(A).

Leist did not object to the resentencing below, so our review is limited to plain error.  *See Peters*, 403 F.3d at 1270.  Based on *Rutledge*, the district court

3

plainly erred when it failed to vacate convictions that it found to be multiplicitous. The error affected Leist's substantial rights, even if the only immediately tangible consequence of the error is that Leist paid an additional $200 in mandatory assessments. *See Rutledge*, 517 U.S. at 301-03, 116 S. Ct. at 1247-48. Further, as the Supreme Court discussed in *Ball*, a conviction can carry with it numerous potential collateral consequences. *See Ball*, 470 U.S. at 864-65, 105 S. Ct. at 1673. Based on *Ball*, the error here, which the government concedes, necessarily affects the fairness of judicial proceedings. We therefore vacate Leist's convictions under Counts 2 and 15 of his second superseding indictment and remand the case to the district court to amend the judgment accordingly, including a $200 reduction in Leist's statutory assessment.

**JUDGMENT VACATED IN PART; CONVICTIONS AND SENTENCES VACATED AS TO COUNTS 2 AND 15 AND REMANDED FOR THE ENTRY OF AN AMENDED JUDGMENT IN ACCORDANCE WITH THIS OPINION.**