ALTENBERND, Judge,
Concurring.
I agree that the outcome we reach in this case appears to be compelled by the holding in Ashley v. State, 850 So.2d 1265 (Fla.2003). I do not question the wisdom of examining criminal judgments and sentences individually in most contexts. However, for purposes of constitutional double jeopardy analysis, I continue to believe that the “package approach” utilized by federal courts and some other states is a better approach. See e.g., United States v. Watkins, 147 F.3d 1294 (11th Cir.1998). Mr. Cazares apparently will be entitled to immediate release even though a thirty-year term of imprisonment was an entirely lawful sentence for each of the three judgments that actually were eligible for sentencing at the sentencing hearing on his violation of probation.
It is noteworthy that the sentences he received for attempted capital sexual battery at this sentencing hearing were more than illegal; they were void from inception because the original sentences had already been fully served. Under a package approach to sentencing, the void sentences entered on the three judgments for which he had already fully served his sentences would not prevent an amendment to the sentences on his three active judgments.
The Double Jeopardy Clause of the U.S. Constitution[2] should not prevent a trial court from readjusting the sentences imposed at a single sentencing hearing to impose lawful sentences consistent with the overall aggregate sentencing package intended by the pronouncement at that sentencing hearing. I am unconvinced that the Constitution compels the immediate release of a prisoner merely because the participants at a sentencing hearing *831 were confused about the judgments eligible for sentencing at that hearing.

. U.S. Const. Amend. V.