[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14386

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAWRENCE LOMBARDI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:99-cr-00071-RH-HTC-1

_____

Before JORDAN, Jill PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Lawrence Michael Lombardi appeals his total sentence of 54 years following resentencing for maliciously damaging property using explosives and interfering with federally protected activities based on race. As explained below, we affirm.

We write for the parties, so our explanation of the facts and procedural history is brief. Mr. Lombardi was convicted for setting off two pipe bombs at Florida Agricultural & Mechanical University, a historically Black university. He later filed a successful 28 U.S.C. § 2255 motion. After the district court vacated his 18 U.S.C. § 924(c) convictions as unconstitutional, he requested that it resentence him to time served, but the district court rejected his arguments and resentenced him to 54 years of imprisonment.[1]

As we understand his briefs, Mr. Lombardi presents two arguments on appeal. First, for the first time, he argues that the district court violated his protection against double jeopardy when it resentenced him. Second, he argues that the district court improperly considered the 18 U.S.C. § 3553(a) factors, imposing a substan-

---

[1] Initially, Mr. Lombardi had been sentenced to life plus 39 years.

20-14386                Opinion of the Court                3

tively unreasonable sentence and creating an unwarranted sentencing disparity when it imposed the total 54-year sentence.   We address each point in turn. [2]

I

Normally, claims alleging possible violations of the Double Jeopardy Clause raise pure questions of law that we review *de novo*.   *See United States v. Strickland*, 261 F.3d 1271, 1273 (11th Cir. 2001).   When a party fails to object or objects under a different legal theory at sentencing, however, we review only for plain error.   *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014).   To establish plain error, an appellant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."   *Id.* at 822.   Generally, an error is "plain" if controlling precedent from the Eleventh Circuit or the Supreme Court establishes that an error occurred.   *See id.*   For an error to affect sub-

---

[2] Mr. Lombardi included documents in his appendix that were not part of the record before the district court.   We GRANT the government's motion to strike those documents and DENY Mr. Lombardi's response to that motion which requested that the record be supplemented.   *See Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court.").   *See also Jones v. White*, 992 F.2d 1548, 1567 (11th Cir. 1993) ("We have not allowed supplementation when a party has failed to request leave of this court to supplement a record on appeal or has appended material to an appellate brief without filing a motion requesting supplementation.").

stantial rights, it must have been prejudicial, *i.e.*, affected the outcome of the district court proceedings. *See United States v. Olano*, 507 U.S. 725, 734 (1993). Here, Mr. Lombardi did not make a specific double jeopardy objection before the district court, so we review his claim for plain error. *See Ramirez-Flores*, 743 F.3d at 821.

Under 28 U.S.C. § 2255, after a district court vacates and sets aside a judgment, one statutory remedy is to resentence the defendant as may appear appropriate. *See* § 2255(b). Because "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process" in which the court creates "a single sentencing package," a district court has broad powers to recalculate the total sentence when part of it is set aside. *See United States v. Brown*, 879 F.3d 1231, 1238–39 (11th Cir. 2018). *See also United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997) ("[B]ased on the language of section 2255 and the interdependence of the multiple counts for sentencing purposes, the district court acted properly in adjusting appellants' sentences on the unchallenged but related . . . counts."). When a prisoner collaterally attacks a portion of a judgment, he is reopening the entire judgment and cannot selectively control the way the district court corrects that judgment. *See United States v. Watkins*, 147 F.3d 1294, 1298 (11th Cir. 1998). By challenging the aggregate sentence, a defendant "can have no legitimate expectation of finality in any discrete portion of the sentence." *Id.* at 1297–98.

Resentencing in a case like this one does not itself violate the double jeopardy clause. *See Mixon*, 115 F.3d at 903. In sentencing,

the double jeopardy clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir. 2006) (quotation marks omitted). "Resentencing violates the double jeopardy clause only when it disrupts the defendant's legitimate expectations of finality." *United States v. Young*, 953 F.2d 1288, 1291 n.3 (11th Cir. 1992). This means that district courts can resentence a defendant on unchallenged counts after the vacatur of a § 924(c) conviction. *See Watkins*, 147 F.3d at 1296. And an increased term of incarceration does not inherently implicate double jeopardy concerns. *See Young*, 953 F.2d at 1291 n.3.

The district court did not plainly err, or violate Mr. Lombardi's double jeopardy protections, by resentencing him even though it increased his sentence as to certain counts. When Mr. Lombardi successfully challenged his judgment under § 2255, he reopened the entire judgment and therefore did not have a legitimate expectation of finality. *See Watkins*, 147 F.3d at 1297–98. After vacating his § 924(c) convictions as unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019), the district court had broad discretion to resentence the remaining unaffected counts as part of a sentencing package. *See id.* at 1296; *Brown*, 879 F.3d at 1238–39; *Mixon*, 115 F.3d at 903. And because the district court sentenced him to terms of imprisonment for each remaining offense that were below the maximum—even if the total sentence was well above the overall guideline range—it was within its ability

to do so. *See Dowd*, 451 F.3d at 1251. Because Mr. Lombardi's double jeopardy concerns do not amount to plain error, we affirm.

## II

We review a sentence's substantive reasonableness under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We must consider the totality of the circumstances, including the extent of any variance from the guideline range. *See Gall*, 552 U.S. at 51.

Under 18 U.S.C. § 3553(a), the district court "shall impose a sentence sufficient, but not greater than necessary" to adequately deter criminal conduct, "to protect the public from further crimes of the defendant," "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a), (a)(2)(A)–(D). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the guideline sentencing range. *See* § 3553(a) (1), (3)–(4).

Courts are permitted to consider a wide range of conduct, including dangerousness, under the § 3553(a) factors. *See* 18 U.S.C. § 3661; *United States v. Overstreet*, 713 F.3d 627, 634 (11th Cir.

2013). We consider, for example, that people who commit crimes of terror are "unique among criminals in the likelihood of recidivism, the difficulty of rehabilitation, and the need for incapacitation," as opposed to those who commit "ordinary street crime" whose dangerousness typically decreases with age. *See United States v. Jayyousi*, 657 F.3d 1085, 1117 (11th Cir. 2011). A court can also consider a defendant's lack of criminal history and that he showed remorse. *See United States v. Victor*, 719 F.3d 1288, 1291 (11th Cir. 2013).

Under § 3553(a)(6), the court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. 3553(a)(6). When analyzing a claim of disparity, we first determine whether the defendant is similarity situated to the defendants to whom he compares himself. *See United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). Evaluating alleged disparities requires considering more than just the crime of conviction and the total length of the sentences. *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). For example, a district court should not draw comparisons to cases involving defendants who were convicted of less serious offenses than the defendant, pleaded guilty when the defendant did not, or lacked similar extensive criminal histories. *See Jayyousi*, 657 F.3d at 1118.

The district court's failure to specifically mention at sentencing certain mitigating factors does not compel the conclusion that

a sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Nor does the failure to discuss mitigating evidence indicate that the district court "erroneously 'ignored' or failed to consider this evidence." *Id.* In fact, a district court may attach great weight to a single factor without rendering a sentence unreasonable. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). The weight given to any § 3553(a) factor is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing the § 3553(a) factors. *See id.*

A district court adequately takes into account the kinds of sentences available when it considers the presentence investigation report and the parties' sentencing arguments. *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Extraordinary justification is not required to justify a sentence outside the guidelines range, *see Gall*, 552 U.S. at 47, but the sentencing court must give serious consideration to the extent of any departure from the guideline range and the justification for the variance must be sufficiently compelling to support the degree of the variance, especially for harsh sentences. *See Irey*, 612 F.3d at 1186–87. We do not presume that a sentence outside of the guideline range is unreasonable and we give deference to the district court's conclusion that the § 3553(a) factors support its chosen sentence. *Id.* at 1187. Further, a sentence which may result in a defendant passing away while in custody is neither automatically a life sentence nor presumptively

unreasonable. *See United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018).

"Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be 'sufficiently compelling to support the degree of the variance.'" *Irey*, 612 F.3d at 1196. A variance may "attract greatest respect" when a sentencing court finds that a particular case is "outside the heartland" of cases to which the guidelines were intended to apply, but "closer review" may be merited when a sentencing court believes that the guidelines failed to properly reflect the § 3553(a) considerations. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007).

Here, the district court did not abuse its discretion when it considered the § 3553(a) sentencing factors. The district court put great weight on the adequate deterrence prong, finding that, under the circumstances, specific deterrence supported the sentence. *See Kuhlman*, 711 F.3d at 1327. Focusing on the racial and terroristic nature of Mr. Lombardi's acts, the district court found the need to protect the public and to deter Mr. Lombardi from doing this again to be high. *See Jayyousi*, 657 F.3d at 1117. Mr. Lombardi argues that the district court did not consider his personal changes over the past 20 years, but the court specifically mentioned that it lowered the total sentence from the maximum allowable because of mitigating factors, including his good record in prison and his mental health.

As for the significant variance above the advisory guideline range—the 54-year total sentence was 45 years above the top of the range—the district court considered Mr. Lombardi's case to be unique and outside of the heartland of typical cases. *See Kimbrough*, 552 U.S. at 109. It found that the guidelines did "not take into account the terroristic effect" of Mr. Lombardi's actions—that Mr. Lombardi purposefully and successfully scared people by not only setting off the bombs but also making calls to the media, saying that the two detonated bombs were only "the beginning." The district court explained that a variance was justified by the nature of the crimes and its concern that Mr. Lombardi might commit similar offenses again. *See Irey*, 612 F.3d at 1186–87. We do not see any reversible error.

The district court also explained that it imposed a near 60-year total sentence because a person being sentenced for the same crimes committed under similar circumstances today would face a similar total sentence (i.e., a sentence of 60 years). Mr. Lombardi does not show how this conclusion is erroneous. The many comparators he cites on appeal were not in the record before the district court, and they are not, in any event, directly comparable. It is not enough that there were similarities between the general offenses committed when there were other procedural and factual distinctions. *See Azmat*, 805 F.3d at 1048. Finally, even if we accept that his 54-year sentence might mean that he is imprisoned for life, that does not, without more, make the sentence unreasonable. *See Mosquera*, 886 F.3d at 1052.

20-14386                 Opinion of the Court                    11

## III

We affirm Mr. Lombardi's sentence.

**AFFIRMED.**