**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12278

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MICHAEL SHANE RAGLAND,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:09-cr-14016-KMM-1

————————————————

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

In 2009, a jury convicted Michael Ragland of eighteen federal crimes associated with a string of armed robberies of Florida convenience stores. He was sentenced to 196 years in federal prison. In 2022, Ragland successfully moved the District Court to vacate one of his eighteen counts in light of new Supreme Court precedent. He was resentenced, but his new sentence looked a lot like his old one: 173 years.

Ragland appealed, arguing he should have been resentenced according to the more lenient provisions of the 2018 First Step Act ("FSA"). We affirmed the District Court, holding that the FSA was not intended to apply retroactively to Ragland, who was originally sentenced before the FSA's enactment. Only two days after we issued our ruling, the Supreme Court decided *Hewitt v. United States*, squarely rejecting our interpretation of the FSA. 145 S. Ct. 2165, 2169 (2025).

Ragland now petitions for rehearing or rehearing en banc, seeking a ruling that he may be resentenced under the FSA. The United States agrees that *Hewitt* binds here, and it does not oppose rehearing for consistency with that opinion. Ragland also seeks rehearing as to whether the District Court has jurisdiction to consider new challenges to his other counts. The United States opposes rehearing on these grounds.

After careful consideration, we grant Ragland's petition for rehearing and amend our opinion filed on June 24, 2025, but only in part. Specifically, we vacate and replace Part II.B of that opinion regarding the retroactivity of the FSA. We also affirm and clarify Part III of that opinion to highlight a potential circuit split. In all other respects, our opinion filed on June 24, 2025, shall remain in full force and effect. Ragland's sentence is vacated and remanded for the District Court to resentence him according to the FSA.

## I. BACKGROUND

### A. Crime and Sentence

Between December 2007 and February 2008, Michael Ragland and his quasi-confederated entourage robbed seven Florida grocery and convenience stores and attempted to rob two others. Proceeds from each hit ranged from a few hundred to a few thousand dollars and, almost invariably, a pack of Newport cigarettes. On April 30, 2009, a grand jury indicted Ragland on twenty-two counts. Despite initially confessing to police, Ragland pleaded not guilty to all charges. At trial, jurors convicted him on eighteen counts:[1]

- Count One: Conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a);
- Counts Two, Four, Nine, Eleven, Seventeen, Nineteen, and Twenty-One: Robbery in violation

---

[1] The jury found Ragland not guilty of Counts Six and Seven. The United States dismissed Counts Thirteen and Fourteen.

of 18 U.S.C. § 1951(a);

- Counts Eight and Fifteen: Attempted robbery in violation of 18 U.S.C. § 1951(a);
- Counts Three, Five, Ten, Twelve, Sixteen, Eighteen, Twenty, and Twenty-Two: Brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c).

The District Court sentenced Ragland to 2,352 months (196 years) in federal prison. Ragland's eight § 924(c) convictions comprised over ninety percent of his sentence.[2] Section 924(c) punishes one who uses, carries, or possesses a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). It is an independent, substantive offense, but one that requires a predicate violent crime.

At the time of Ragland's 2010 sentencing, § 924(c) was equipped with an inelastic "stacking" mechanism. *See* An Act to Throttle Criminal Use of Guns, Pub. L. No. 105-386, § 1, 112 Stat. 3469 (1998). For a defendant's first § 924(c) conviction, a judge was required to sentence him to at least five, seven, or ten years depending on whether the firearm was carried, brandished, or discharged, respectively. *Id*. After that, the sentence would ratchet up quickly. Each subsequent § 942(c) violation demanded a minimum sentence of twenty-five years—even where the first charge was brought in the same indictment. *Id*. All sentences were "stacked,"

_____

[2] Specifically, Ragland's § 924(c) convictions accounted for 2,184 months of his 2,352-month total sentence.

or served consecutively. *Id.*

In Ragland's case, he was given seven years for Count Three and twenty-five years for each of Counts Five, Ten, Twelve, Sixteen, Eighteen, Twenty, and Twenty-Two. All but one of Ragland's § 924(c) counts relied on the predicate crime of robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery"). The outlier, Count Sixteen, relied on the predicate offense of *attempted* Hobbs Act Robbery.[3]

### B. Ragland's § 2255 Challenges

Ragland has launched several habeas petitions challenging the legality of his § 924(c) convictions. He has argued that neither Hobbs Act Robbery nor attempted Hobbs Act Robbery constitute a "crime of violence" under the statute, and hence, cannot serve as a predicate offense. So, what is a "crime of violence?" Section 924(c) offers a starting point:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of

---

[3] Specifically, Count Sixteen relied on Count Fifteen, whereby Ragland attempted to rob a *Coastal Gas* convenience store but retreated because the scene was "too hot."

committing the offense.

18 U.S.C. § 924(c)(3).

But the Code is not the whole story. In 2015, the Supreme Court probed the definition of "violent felony" under the Armed Career Criminal Act (the "ACCA"). *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015). The ACCA's definition mirrored § 924(c)(3): each had an identical first prong and a second, "residuary" prong to catch crimes that pose a substantial risk of injury to another. *Id.* at 594. In *Johnson*, the Court held that the ACCA's residuary prong violated the Constitution's Due Process Clause because it was unconstitutionally vague. *Id.* at 594, 606.

In 2016, Ragland filed his first motion to vacate his sentence under 28 U.S.C. § 2255.[4] He argued that *Johnson* voided § 924(c)'s residuary clause and, hence, invalidated each of his convictions thereunder. The District Court disagreed. It found that *Johnson* did not necessarily invalidate § 924(c)'s residuary clause, and even if it did, Hobbs Act Robbery would still constitute a crime of violence under clause (3)(A).

Then the landscape changed again. In 2019, the Supreme Court explicitly held that § 924(c)'s residuary clause was unconstitutionally vague. *United States v. Davis*, 588 U.S. 445, 470, 139 S. Ct. 2319, 2336 (2019). And a few years later, the Court held that

---

[4] Section 2255 allows a prisoner to move a court to vacate, set aside, or correct a sentence that was, *inter alia*, "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.

attempted Hobbs Act Robbery is not a crime of violence under § 924(c)'s elements prong because it does not require the government to prove the use, attempted use or threatened use of force. *United States v. Taylor,* 596 U.S. 824, 860, 142 S. Ct. 2015, 2025 (2022).

Armed with new caselaw, Ragland petitioned this Court for permission to file a successive § 2255 petition, as is required by law. 28 U.S.C. § 2255(h) (requiring "a second or successive motion" to be certified "by a panel of the appropriate court of appeals"). He specifically sought permission to challenge Count Sixteen in light of *Davis* and *Taylor*. Ragland singled out Count Sixteen because it was the only § 924(c) count predicated on *attempted* Hobbs Act Robbery. We held that Ragland "made a *prima facie* showing that he [was] entitled to relief under *Davis* as to his § 924(c) conviction on Count 16." Order, No. 22-13236-J (11th Cir., Oct. 12, 2022). Accordingly, we granted Ragland leave to file a new claim. *Id.*

Ragland's second § 2255 claim was successful; the District Court dismissed his conviction under Count Sixteen and vacated his sentence. But just prior to resentencing, Ragland sought to amend his second § 2255 motion to include every other § 924(c) count. The District Court rejected his motion, holding that it lacked subject-matter jurisdiction to consider such claims. It reasoned that its jurisdiction emanated from the relief our Court granted, which only covered Count Sixteen. Ragland also moved to hold his resentencing in abeyance pending our opinion in a case asking whether completed Hobbs Act Robbery is a "crime of

violence" post-*Taylor*.[5] The District Court rejected this motion as well.[6]

### C. Resentencing and Appeal

Consistent with our decision in *United States v. Brown*, the District Court afforded Ragland a full resentencing hearing, where he was able to testify. *See* 879 F.3d 1231, 1239–40 (11th Cir. 2018). Ragland spoke about his positive prison record and rehabilitation efforts, and he made numerous objections to his presentence investigation report. Ragland also argued that he should be resentenced under the FSA, which eliminated the "stacked" twenty-five-year mandatory minimum sentence for subsequent § 924(c) charges.[7] *See* First Step Act, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (2018). The United States acknowledged that if the FSA did apply, Ragland's guideline sentence would be between 776 and 823

---

[5] That case, *United States v. Louis*, 146 F.4th 1328 (11th Cir. 2025), never reached the Hobbs Act Robbery question because the relevant appeal was voluntarily dismissed. However, in *United States v. Wiley*, our Court held that completed Hobbs Act Robbery is a "crime of violence," thereby upholding our Court's pre-*Taylor* precedent. 86 F.4th 1355, 1363 (11th Cir. 2023).

[6] In rejecting Ragland's motion to hold resentencing in abeyance, it informed Ragland that he would be free to "raise the same arguments as *Louis* during his sentencing hearing." As we discuss *infra*, this was improper, as the District Court lacked jurisdiction to hear such arguments.

[7] Twenty-five-year mandatory minimum sentences still exist, but only where subsequent charges are brought after a prior § 924(c) conviction has become final. 18 U.S.C. § 924(c)(1)(C). Because Ragland's convictions were brought concurrently, this would not apply.

months.[8] The District Court denied Ragland's objection and resentenced him without regard to the FSA. The District Court entered a revised judgment of 2,072 months imprisonment.

Ragland appealed. He asserted a litany of errors: (1) he was not afforded a *de novo* resentencing; (2) the District Court should have applied the FSA; (3) the District Court failed to consider post-sentencing rehabilitation; (4) the District Court failed to consider the length of Ragland's mandatory minimum sentences in fashioning his total appropriate sentence; (5) his multiple robbery offenses should have counted as one continuing offense for § 924(c) purposes; (6) his criminal history was inappropriately categorized; (7) the District Court should have allowed Ragland to amend his motion so as to challenge his other § 924(c) convictions; and (8) his sentence was substantively unreasonable.

On June 24, 2025, we issued an opinion rejecting each of Ragland's challenges and affirming the District Court in full. *United States v. Ragland*, No. 23-12278, 2025 WL 1742251, at *2 (11th Cir. June 24, 2025). Ragland now petitions for panel rehearing or rehearing en banc.

## II. DISCUSSION

Federal Rule of Appellate Procedure 40 provides that a petition for panel rehearing must "state with particularity each point of law or fact that the petitioner believes the court has overlooked

---

[8] Of course, were Ragland able to challenge his other § 924(c) convictions, his Guideline sentence would be dramatically lower.

or misapprehended[.]" Fed. R. App. P. 40(b)(1)(A). "Panel rehearing is the ordinary means of reconsidering a panel decision; rehearing en banc is not favored." Fed. R. App. P. 40(a). Ragland filed a timely petition for rehearing on two grounds.

First, he asserts that our ruling on the FSA's inapplicability conflicts with *Hewitt v. United States*, 145 S. Ct. 2165 (2025). Second, he argues that the District Court did not lack subject matter jurisdiction to hear his other § 924(c) challenges and that our contrary holding conflicts with the Fourth and Seventh Circuit's approach. We begin with the FSA.

## A. Resentencing Under FSA

Ragland argues that both the District Court and our panel opinion misinterpreted the FSA. This Court reviews de novo questions of statutory interpretation. *Regueiro v. American Airlines, Inc.*, 147 F.4th 1281, 1286 (11th Cir. 2025).

Prior to 2018, when a defendant was convicted of multiple § 924(c) charges, each subsequent conviction carried a minimum twenty-five-year stacked sentence. 18 U.S.C. § 924(c)(1)(C)(i) (2010). The FSA changed that. Specifically, it eliminated the twenty-five-year minimum unless the defendant had a prior § 924(c) conviction that had "become final." First Step Act, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (2018). Crimes committed before the enactment of the FSA were encompassed by the change, but only to the extent that "a sentence for the offense has not been imposed as of the date of enactment." *Id.* § 403(b).

23-12278                 Opinion of the Court                     11

The question soon arose whether a sentence which was imposed pre-FSA but vacated post-FSA is a sentence that "has been . . . imposed as of the date of [the FSA's] enactment." *See id.* Our Circuit reached the issue in *United States v. Hernandez*, 107 F.4th 965 (11th Cir. 2024). We reasoned that the present-perfect tense used in the phrase "has been" could reasonably refer to either (1) a sentence that is "now completed" or (2) a sentence that "continues up to the present." *Id.* at 969 (citing *The Chicago Manual of Style* § 5.132 (17th ed. 2017)) (internal quotation marks omitted). Looking at the context of the clause and the Act, we decided the first interpretation was correct.[9] *Id.* We held that where a sentence was imposed before the FSA, it "has been imposed" notwithstanding post-FSA vacatur. *Id.* at 973.

Ragland's original sentence took place in 2010, eight years prior to the FSA. When he appealed the District Court's new sentence on the grounds that it failed to apply the FSA, *Hernandez* was binding on this Court, and we affirmed. *Ragland*, 2025 WL 1742251, at *11 (11th Cir.). Ragland argues that the Supreme Court's opinion in *Hewitt*, which was decided two days after his appeal, overrules *Hernandez*.

---

[9] Presciently, we acknowledged that the strongest counterargument comes from the legal function of vacatur, which is sometimes said to "wipe the slate clean" and makes a sentence "void from the start." *Hernandez*, 107 F.4th at 971. Ultimately, this reasoning swayed the Supreme Court. *See Hewitt*, 145 S. Ct. at 2174.

Petitioners in *Hewitt* were convicted of multiple counts of bank robbery and conspiracy to commit bank robbery, along with corresponding § 924(c) offenses. 145 S. Ct. at 2170. They successfully challenged some of their convictions under § 2255 and, at resentencing, sought retroactive application of the FSA. *Id.* The District Court and Fifth Circuit held that the FSA was inapplicable. *Id.* The Supreme Court reversed, holding that "offenders who appear for sentencing after the First Step Act's enactment date—including those whose previous § 924(c) sentences have been vacated and who thus need to be resentenced—are subject to the Act's revised penalties." *Id.* at 2179.

Both Ragland and the United States believe *Hewitt* abrogates *Hernandez* and binds our Court to remand for resentencing consistent with the FSA. We agree, but we wish to clarify a few points.

The District Court in *Hewitt* received a § 2255 motion from each petitioner to set aside one § 924(c) conviction predicated on conspiracy to commit bank robbery.[10] *United States v. Duffey*, 92 F.4th 304, 308 (5th Cir. 2024). It granted relief in two steps. *Id.* First, it vacated each petitioner's conspiracy-predicated § 924(c) conviction and applicable sentence. *Id.* Second, it vacated the petitioners' sentences for *all other* convictions and ordered resentencing. *Id.* Therefore, the Supreme Court's holding (i.e., that sentences vacated post-FSA are subject to the FSA) necessarily applied to all of

---

[10] In addition to rejecting attempted crimes as "crimes of violence" under § 924(c), the Supreme Court's opinion in *Davis* similarly rejected conspiracy-predicated crimes. 139 S. Ct. at 2336.

petitioners' convictions. *See Hewitt*, 145 S. Ct. at 2174. The Court did not have to consider the FSA's applicability where a sentence was only partially vacated.

Of course, complete vacatur and resentencing is a common form of relief, even where a § 2255 motion only targets a subset of the movant's total convictions. Our Circuit has recognized that a "criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). And when the package becomes unbundled, the district court has the authority to "recalculate and reconsider" the defendant's entire sentence, so it may "comport with the district court's original intentions at sentencing." *United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) (citing *United States v. Watkins*, 147 F.3d 1294, 1297 (11th Cir. 1998)) (internal quotation marks omitted).

However, we have never held that complete vacatur is always mandatory. We leave open whether that *Hewitt* necessarily entitles a successful § 2255 movant to full application of the FSA. In *Hewitt's* dissent, Justice Alito highlighted that district courts need not vacate an entire sentence and "may instead choose to vacate only those parts of the sentence related to an intervening change in law." 145 S. Ct. at 2189–90 (Alito, J., dissenting). He described the total vacatur afforded to petitioners in that case as a "stroke of good fortune that opened the door" to the FSA. *Id.*

Here, the District Court granted Ragland's § 2255 motion "to the extent that [it] dismisse[d] the conviction and sentence

imposed under Count Sixteen." It did not expressly vacate Ragland's other sentences. But the Court ultimately did conduct a *de novo* resentencing on all counts. At Ragland's hearing, the Government explained to the Court:

> [P]ursuant to the Sentencing Package Doctrine, now that Count 16 has been vacated, this Court has the authority to consider the original sentences imposed for all of the other counts in determining what sentence to ultimately impose.
>
> Candidly, your Honor, that doctrine generally helps the Government, because if the Court wanted to impose 2,352 months once again, you could do so by increasing the sentences for the remaining counts.

The District Court agreed and proceeded to reevaluate the total package. Ragland's new sentence included 188 months for his robbery, attempted robbery, and conspiracy offenses, which was twenty months more than his original sentence. Because Ragland's original sentence was unbundled, the District Court must now resentence him according to the FSA. His presentence investigation report should be updated accordingly. With perfect hindsight, the Sentence Package Doctrine did not, it would seem, help the Government.

### B. Ragland's Motion to Amend His § 2255 Claim

Next, Ragland argues that we erred by holding that the District Court lacked subject-matter jurisdiction to consider § 2255 challenges beyond Count Sixteen. Specifically, he argues that our prior opinion conflicts with the approach followed by the Fourth

23-12278                Opinion of the Court                15

and Seventh Circuits. We review *de novo* questions of a district court's subject matter jurisdiction.

"Only a single § 2255 motion is authorized and successive attempts at relief are limited." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). Section § 2255 plainly requires successive motions to be certified by the appropriate appeals court. 28 U.S.C. § 2255(h). As gatekeeper, under subsection (h)(2), we can only certify constitutional challenges that invoke "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* This heightened standard was introduced by Congress in 1996 to "curb the abuse of the statutory writ of habeas corpus[.]" H.R. Rep. No. 104-518, at 111 (1996). Without certification, district courts have no subject matter jurisdiction to hear a successive § 2255 claim. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Because Ragland filed an unsuccessful challenge in 2016, he needed—and so sought—our Court's permission to file a successive petition. We granted Ragland leave to file a second motion, but we were specific in our language:

> [I]f Ragland was sentenced under § 924(c)(3)(B)'s residual clause, pursuant to *Davis*, his predicate offense of attempted Hobbs Act robbery would not qualify as a crime of violence. Notably, in *Taylor*, the Supreme Court also held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(B)'s elements clause. Under these circumstances, Ragland has made a *prima facie* showing that

> his claim satisfies the statutory criteria of § 2255(h)(2) on the ground that he was potentially sentenced under the now-invalid residual clause of § 924(c)(3)(B), thereby rendering his § 924(c) conviction on Count 16 unconstitutional under *Davis*.

Order, No. 22-13236-J (11th Cir., Oct. 12, 2022) (internal citations omitted). Simply put, we granted jurisdiction to the District Court to hear a challenge to Count Sixteen—and only Count Sixteen.

Critical to our assessment was the Supreme Court's decision in *Taylor*, holding that attempted Hobbs Act Robbery could not qualify as a § 924(c) predicate offense. *Id.* There has been no such ruling as to *completed* Hobbs Act Robbery. Moreover, our Circuit has repeatedly held that completed Hobbs Act Robbery is a "crime of violence." *See, e.g.*, *United States v. Solomon*, 136 F.4th 1310, 1321 (11th Cir. 2025); United *States v. Wiley*, 78 F.4th 1355, 1365 (11th Cir. 2023); *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016). In any event, we received only an application for leave to challenge Count Sixteen, and that is what we granted.

Ragland argues that the Seventh Circuit in *Reyes v. United States* reached a different result on similar facts. 998 F.3d 753 (7th Cir. 2021). There, Reyes was granted leave by the Court of Appeals to file a successive § 2255 motion. *Id.* at 756. A month later, Reyes went back to the appellate panel, seeking to add discrete challenges to his sentence that were not mentioned in his initial application. *Id.* The Seventh Circuit instructed Reyes to instead file a motion to amend his claim in the district court under Federal Rule of Civil Procedure 15, which the district court allowed. *Id.*

23-12278                Opinion of the Court                    17

Later, on appeal, the United States argued that the district court did not have jurisdiction to consider Reyes' new claims because they were not authorized by the court of appeals. *Id.* at 760. The court disagreed. *Id.* It held that § 2255 only requires that "successive applications, and not amendments or even necessarily individual claims, be screened by an appellate panel. . . . Once one claim has cleared that high hurdle, we do not dissect the application further." *Id.* at 761. Instead, it encouraged district courts to "use their discretion under Rule 15 to prevent abusive or needlessly time-consuming tactics." *Id.* The Fourth Circuit has also adopted this approach. *See United States v. MacDonald*, 641 F.3d 596, 616 (4th Cir. 2011) (explaining that Rule 15 governs the addition of new claims to a § 2255 motion, and additional appellate review is unnecessary).

To the extent our sister courts permit movants to add new claims that have not been screened, and which exceed the bounds of the leave granted by the court of appeals, we respectfully disagree.[11] We believe this case demonstrates the flaw in that approach. To satisfy § 2255, Ragland would have had to demonstrate a *prima facie* case that a new rule of constitutional law made completed Hobbs Act Robbery an invalid predicate offense. *See* 28 U.S.C. § 2244(a), (b)(3)(C); 28 U.S.C. § 2255(a). In contrast, Rule 15 allows

---

[11] This is not the first time we have rejected this approach. In *United States v. Pearson*, we similarly held that challenges to counts not authorized by the court of appeals exceeds the district court's jurisdiction. 940 F.3d 1210, 1216 (11th Cir. 2019).

amendments as a matter of right for twenty-one days, and afterwards, implores the district court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Under that standard, a movant could easily bypass the legislatively mandated screening process.

To be sure, a district court may apply the Federal Rules of Civil Procedure, including Rule 15 to a § 2255 proceeding in ordinary course. *Farris*, 333 F.3d at 1215. But "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). A movant may not use Rule 15 to extend his action beyond the boundaries of the district court's jurisdiction. To the extent a movant wishes to expand the scope of his § 2255 motion, he may file a subsequent application with the court of appeals. The statute of limitations for such application will always renew when new rights are recognized by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3).

## IV. CONCLUSION

For the foregoing reasons, we grant Ragland's rehearing, vacate our earlier opinion as to the issue of the FSA's applicability, vacate Ragland's sentence, and remand to the District Court for resentencing consistent with this opinion. In all other respects, our opinion in *United States v. Ragland*, No. 23-12278, 2025 WL 1742251 (11th Cir. June 24, 2025) shall remain in full force and effect.